UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN POLLO, INC., a California corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>FIFTH AXIOM CORP. d/b/a JUAN'S ROTISSERIE ORIGINAL, a California corporation; COCINA Y CECINA, INC. d/b/a JUAN'S ROTISSERIE POLLO, a California corporation; and DOES 1 through 100, inclusive,<br><br>              Defendants. | **CASE NO. ED CV 23-00909-DMG (MRWx)**<br><br>**CONSENT DECREE AND PERMANENT INJUNCTION** |

The Court, having read and considered the Joint Stipulation for Entry of Consent Decree and Permanent Injunction that has been executed by Plaintiff Juan Pollo, Inc. ("Plaintiff") and Defendants Fifth Axiom Corp. d/b/a Juan's Rotisserie Original and Cocina Y Cecina, Inc. d/b/a Juan's Rotisserie Pollo (collectively, "Defendants") in this action, and good cause appearing therefor, hereby:

ORDERS that based on the parties' Stipulation and only as to Defendants, its successors, heirs, and assignees, this Consent Decree and Permanent Injunction shall be and is hereby entered in the above-captioned action as follows:

1. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq*. and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendants.

2. Plaintiff has expended considerable resources in the creation and commercial exploitation of Plaintiff's menu and photographs of those menu items ("Properties") and in the enforcement of the intellectual property rights in Plaintiff's Properties.

3. Plaintiff has alleged that Defendants have made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

4. Defendants and its agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with them who receive actual notice of the injunction are hereby restrained and permanently enjoined from infringing—directly, contributorily or vicariously—or enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, authorizing, aiding or abetting, materially contributing to, or persuading anyone to infringe in any manner Plaintiff's Properties, including, but not limited to, using Plaintiff's Properties for its own marketing, advertising, or depictions of menu items, and specifically:

    a) Marketing, advertising, or depicting menu items on Defendants' websites, in marketing material, at restaurant location(s), or any other unauthorized uses that picture, reproduce, copy, or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

    b) Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive Defendants' customers and/or members of the public to believe, that the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are affiliated with Plaintiff; or

      c)    Affixing, applying, annexing, or using in connection with the distribution, advertising, selling, offering for sale, or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

5. Plaintiff shall be entitled to recover from Defendants the sum of Seventeen-Thousand Five-Hundred U.S. Dollars ($17,500) pursuant to the terms of the parties' Release and Settlement Agreement dated and effective December 20, 2023.

6. Each party shall bear its own fees and costs of suit.

7. Except as provided herein, all claims alleged in the Complaint are dismissed without prejudice.

8. This Consent Decree and Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

9. The Court finds there is no just reason for delay in entering this Consent Decree and Permanent Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Consent Decree and Permanent Injunction against Defendants.

10. The Court shall retain jurisdiction over Defendants and of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Decree and Permanent Injunction or of the parties' Release and Settlement Agreement dated and effective December 20, 2023.

DATED: January 16, 2024

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE